Exhibit 1

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>22-004078-CB<br>Hon. David J. Allen |

Court address : 2 Woodward Ave., Detroit MI 48226                                Court telephone no.: 313-224-0250

| Plaintiff's name(s), address(es), and telephone no(s)<br>Greenblue Urban America, Inc.     et. Al | v | Defendant's name(s), address(es), and telephone no(s).<br>Deeproot Green Infrastructure, LLC<br>Charles Graham Ray<br>101 Montgomery Street, Suite 2850<br>San Francisco, California  94104 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>L. Pahl Zinn 57516<br>500 Woodward Ave Ste 4000<br>Detroit, MI 48226-5403 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action  ☐ remains   ☐ is no longer  pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/7/2022 | Expiration date*<br>7/7/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)            **SUMMONS**            MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No.: **22-004078-CB** |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                            Date

My commission expires: _____  Signature: _____
                          Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments
_____ on _____
                                         Day, date, time

_____ on behalf of _____.

Signature

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>2022-          - CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>GREENBLUE URBAN AMERICA, INC;<br>GREENBLUE URBAN, LTD; and<br>GREENBLUE URBAN NORTH AMERICA, INC | v | Defendant(s)<br>DEEPROOT GREEN INFRASTRUCTURE, LLC |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O), MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

*[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]*

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☑ all of the parties are business enterprises

   ☐ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

   **AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☑ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☐ commercial transaction, including commercial bank transactions

   ☐ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

4/6/2022
Date

Signature

Zachary L. Pelton                  85197
Name (type or print)                Bar no.

22-004078-CB FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/7/2022 10:12 AM   Laverne Chapman

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GREENBLUE URBAN AMERICA, INC.,
a Tennessee corporation; and
GREENBLUE URBAN, LTD,
a United Kingdom private limited company; and
GREENBLUE URBAN NORTH AMERICA, INC.,
a Canadian corporation,

    Plaintiffs,

v.

DEEPROOT GREEN INFRASTRUCTURE, LLC,
a California limited liability company,

    Defendant.

Case No. _____-CB

Honorable

L. Pahl Zinn (P57516)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48236
(313)223-3500
pzinn@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Plaintiffs*

# COMPLAINT

There is no other civil action between these parties arising out of the transactions or occurrences alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

The matters alleged herein constitute a "business or commercial dispute" under MCL 600.8031(1)(c)(i). Under MCR 2.112(O)(1), Plaintiff verifies that this case meets the statutory requirements to be assigned to the Business Court.

1

Plaintiffs GreenBlue Urban America, Inc. ("**GBA**"), GreenBlue Urban, LTD. ("**GBL**"), and GreenBlue Urban North America, Inc. ("**GBNA**") (collectively, "**GreenBlue**" or "**Plaintiffs**"), by their attorneys, Dickinson Wright PLLC, state as follows for their Complaint against DeepRoot Green Infrastructure, LLC ("**DeepRoot**" or "**Defendant**"):

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff GBL is a private limited company organized under the laws of the United Kingdom, with its principal place of business located in Robertsbridge, England.

2. Plaintiff GBA is a corporation organized under the laws of Tennessee, with its principal place of business located at 2533 Hoitt Avenue, Knoxville, TN 37917.

3. Plaintiff GBNA is a corporation organized under the laws of Ontario, Canada with its principal place of business located at 71 Bysham Park Dr., Woodstock, ON N4T 1R2, Canada.

4. Defendant is a limited liability company organized under the laws of California, with its principal place of business located at 101 Montgomery Street, Suite 2850, San Francisco, CA 94104.

5. Jurisdiction is proper in this Court pursuant to MCL §600.605 because the amount in controversy exceeds $25,000.00 exclusive of interest, costs, and attorney fees.

6. This Court has personal jurisdiction over Defendant pursuant to MCL §600.715 because it has transacted business within the State of Michigan and/or it has committed acts or caused to be committed acts within Michigan that give rise to the claims asserted herein, and it has established sufficient minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this Court under MCL §600.8035(2) and §MCL 600.1621(a) because Defendant conducts business in Wayne County, Michigan.

## GENERAL ALLEGATIONS

8. GreenBlue competes with DeepRoot to provide products and services in the field of urban landscape contracting and consulting; specifically since 1992 GreenBlue, starting with GBL, has been creating "sustainable urban landscapes for . . . future generations by providing green infrastructure solutions to landscape architects, urban designers, civil engineers, and contractors" thus giving "trees in urban environments the best opportunity to thrive, while also providing a sustainable answer to storm water management. *See* https://greenblue.com/na/.

9. In or about June 2001, GBL introduced its first soil support system to the UK market called the Greenleaf RootCell ("**RootCell**"). RootCell™ was the world's first purpose-made commercial soil cell for urban tree planting.

10. Pictured below, "RootCell provide[s] the load bearing structure preventing the soil from becoming compacted and lifeless. Furthermore, the long term root zone can be maintained by incorporating RootRain irrigation/aeration in the design." *See* https://greenblue.com/na/products/rootcell/.



**GreenBlue Urban RootCell™ System**

11.     Since GBL introduced The RootCell™ in 2001, in excess of 1,000,000 units have been manufactured, advertised, sold, and installed worldwide.

12.     In March 2016, GBL introduced and began advertising its RootSpace™ soil support system as a progression and advancement of RootCell™. The RootSpace™ product incorporates various sections which are assembled together easily and can be packaged for efficient transport.

4



**GreenBlue Urban RootSpace™ System**

13.     Since 2016, the RootSpace™ product has been exclusively manufactured by GBL in the United Kingdom.

14.     Since GBL introduced the RootSpace™ product in 2016, in excess of 100,000 units have been manufactured, advertised, sold, and installed worldwide.

15.     Following GBNA's incorporation in 2011, it has distributed and sold GreenBlue's products and services to customers in North America.

16.     In 2021, GBA was formed and incorporated to distribute and sell GreenBlue's products and services to U.S. based customers.

17.     Since the introduction of GreenBlue's RootSpace™ system and the success and rapid expansion of GreenBlue's business in North America, Defendant has consistently been losing customers to GreenBlue largely as the result of GreenBlue's superior product, easy installation, and overall better value at a competitive price.

A. **The Canadian Judgement**

18. On May 22, 2018, Defendant and its Canadian parent, DeepRoot Canada Corp. commenced Canadian Federal Court action no. T-954-18 <u>against GBNA only</u> and alleging that GBNA's RootSpace™ product infringed asserted claims of Canadian Patent 2,552,348 and Canadian Patent 2,829,599 (the "**Canadian Patents**").

19. On May 28, 2021, the Canadian Court issued a Confidential Judgement and Reasons, 2021 FC 501 (the "**Canadian Judgment**") granting Defendant and DeepRoot Canada Corp.'s action, awarding $200,000 in damages and enjoining GBNA from any further infringement of the Canadian Patents.

20. GBNA has been and continues to be in compliance with the Canadian Judgement and is not selling, or otherwise distributing the RootSpace product in Canada.

21. GBNA continues to distribute and sell non-infringing, alternative GBL products in Canada.

B. **Defendant Publishes False and Misleading Statements to U.S. Based Customers Following the Canadian Judgment**

22. Upon information and belief, Defendant chose to enforce the Canadian Patents, and not its corresponding U.S. patents, **U.S. Patent No. 9,085,886,** (the "'866 Patent"), because it knew a declaratory action to affirm the validity and enforcement of the '866 Patent in U.S. courts would not succeed. Indeed, to date neither Defendant nor its Canadian parent, DeepRoot Canada Corp, have asserted any legal action in the U.S. based on its the '866 Patent and/or, made any attempt to domesticate the Canadian Judgment.

23. Instead, Defendant has engaged, and continues to engage, in a misinformation campaign with multiple U.S. based customers – in addition to those specifically identified herein – by knowingly making false and misleading statements to U.S. based customers of both

6

companies that the Canadian Judgment prevents the sale of GreenBlue's RootSpace™ system in the U.S.

24. Defendant has even gone so far, in at least one communication with a U.S. based customer, as to falsely and wrongly suggest that if the U.S. customer purchased GreenBlue's RootSpace™ system it would be in violation of the Canadian Judgment, thereby attempting to improperly and wrongly enforce the Canadian Judgment extraterritorially in the U.S., and without attribution to a specific GreenBlue entity.

25. Upon information and belief, in late July, 2021 a representative of Defendant called FG Construction, LLC ("**FG**") multiple times regarding a project that GreenBlue had bid on, and won, in Fort Lauderdale, Florida (the "**Davie Road Project**"), and falsely and wrongly stated to FG that GreenBlue was prohibited from distributing and selling the RootSpace™ system in the U.S., stating that based on the [Canadian Lawsuit] outcome GreenBlue was not allowed to sell or ship product.

26. Shortly thereafter, a FG representative contacted GreenBlue regarding the false and misleading statements, and stated that although it had previously selected the RootSpace™ system for the Davie Road project and was looking forward to working with the RootSpace™ system, FG had instead submitted a request to use Defendant's alternative and arguably less superior product.

27. Defendant's false and misleading, statements caused the loss of the contract to provide the RootSpace™ system for the Davie Road Project, valued at $72,000.

28. In or around early September, 2021, a representative of Defendant contacted Brightview Landscaping Services, Inc. ("**Brightview**") regarding multiple landscaping projects Brightview has across the U.S. (the "**Brightview Projects**"). DeepRoot communicated to

7

Brightview that the Canadian Judgement prevented it from using the RootSpace™ system on the Brightview Projects and suggested Defendant's product as the only alternative.

29. After Brightview sought an explanation from GreenBlue as to nature of Defendant's false and misleading statements, Defendant – caught in its lie - sent an email admitting to the falsity of its statements and *ex post facto* offering clarification.

30. On or about September 14, 2021, a representative of Defendant contacted IBI Group, a landscape architect ("**IBI**") regarding a project that GreenBlue had bid on for the Ford World Headquarters (the "**Ford Project**") in Dearborn, Michigan. IBI had been told by DeepRoots that GreenBlue could not supply the RootSpace™ system for the Ford Project due to the Canadian Judgement.

31. The contract to provide the RootSpace product for the Ford Project in Dearborn, Michigan is valued in excess of $500,000.00.

32. On September 21, 2021 GBNA, by its attorneys, sent a Cease and Desist Letter ("**Cease and Desist Letter**"), to Defendant.  **Ex. 1.**

33. In the Cease and Desist Letter, GreenBlue advised Defendant that it was aware of the false and misleading statements made by Defendant to GreenBlue's U.S. based customers and GreenBlue demanded a formal written retraction.

34. As of the date of this Complaint, Defendant has not acknowledged, or otherwise responded to, the Cease and Desist Letter; rather, upon information and belief, Defendant continues to make false and misleading statements regarding the Canadian Judgment to U.S. based customers of GreenBlue.

## COUNT I
## TORTIOUS INTERFERENCE

35. GreenBlue incorporates each paragraph in this Complaint as if fully restated in this Count.

36. GreenBlue has contractual relationships and business expectancies with its U.S. based customers from which GreenBlue expects a reasonable likelihood of future economic benefit, including but not limited to the Davie Road Project, the Brightview Projects, and Ford Project.

37. Defendant has knowledge of GreenBlue's contractual relationships and business expectancies.

38. Defendant has engaged in improper and wrongful conduct for the purpose of intentionally and wrongfully interfering with Plaintiffs' contractual relationships and business expectancies.

39. Defendant's affirmative, tortious actions include, without limitation, its knowingly use of false and misleading statements about GreenBlue to its customers for the obvious and wrongful purpose of interfering with GreenBlue's customer relationships and business expectations.

40. Defendant has actual knowledge that its improper conduct interfered with, and continues to interfere with, GreenBlue's contractual relationships and business expectancies.

41. There is no justification or legitimate purpose for Defendant's improper and wrongful conduct and its actions as set forth in this Complaint.

42. Defendant has improperly interfered with GreenBlue's contractual relationships and business expectancies by inducing or causing a disruption or termination of GreenBlue's contractual relationships and business expectancies.

9

43. As a direct and proximate result of Defendant's intentional and wrongful interference, GreenBlue has suffered and will continue to suffer damages.

**WHEREFORE**, GreenBlue respectfully requests that the Court enter judgment against Defendant as follows: (1) award damages in an amount to be proven at trial; (2) award GreenBlue their attorneys' fees and costs; and (3) award GreenBlue any other legal or equitable relief that may be just and proper.

## COUNT II
## DECLARATORY JUDGMENT

44. GreenBlue incorporates each paragraph in this Complaint as if fully restated in this Count.

45. The May 28, 2021 Canadian Judgment enjoined GBNA from any infringement of Canadian Patents 2,552,348 and 2,829,599 with regards to the sale and distribution of the RootSpace product <u>in Canada</u>.

46. In an attempt to coerce, defame, and/or interfere with GreenBlue's current and prospective business relationships with U.S. customers, Defendant has intentionally, negligently and/or recklessly made false and misleading statements to U.S. customers that The Canadian Judgement absolutely prevents the sale of the RootSpace™ system in the U.S.

47. Pursuant to MCR §2.605(a)(1), this Court "may declare the rights and other legal relations of an interested party seeking a declaratory judgement, whether or not other relief is or could be sought or granted." MCR § 2.605(a)(1).

48. An actionable and justiciable controversy exists over this dispute based on GBNA's obligations under the Canadian Judgement, and Defendant's previous and ongoing false and misleading statements intended to improperly and wrongly give extraterritorial effect to the Canadian Judgment without attribution to the specific GreenBlue entity.

10

49. A present adjudication of the controversy is necessary to guide GBL and GBA's current and future conduct and to preserve their legal rights.

**WHEREFORE**, GreenBlue respectfully requests a declaration adjudging that the Canadian Judgment does not prevent the sale and distribution of the RootSpace™ system by GBL and GBA in the U.S., including but not limited to the Brightview Projects and the Ford Project.

## COUNT III
## BUSINESS DEFAMATION

50. GreenBlue incorporates each paragraph in this Complaint as if fully restated in this Court.

51. Defendant has intentionally, negligently and/or recklessly made, published, and/or communicated false statements to U.S. based customers of GreenBlue.

52. Defendant's false statements include, but are not limited to, statements that as a result of the Canadian Lawsuit GreenBlue is not able to sell and distribute its RootSpace™ system in the U.S. and suggest that if a U.S. based customer purchases the RootSpace™ system it will be in violation of the Canadian Judgement regardless of which GreenBlue entity it is purchased from.

53. Defendant's false statements are at the very least negligent, not privileged and have a tendency to, and did, harm GreenBlue in their business and their relationships with their customers.

54. In at least one instance, Defendant followed its publication of the false and defamatory statements with at least one written communication undeniably admitting the falsity of the statements and thus evidencing an intentional, reckless, and malicious intent to harm the business and customer relationships of GreenBlue.

11

55. As a direct and proximate result of Defendant's defamatory conduct, GreenBlue has suffered and will continue to suffer damages, including economic injury, loss of good will, and harm to their business reputation and opportunities, including but not limited to the Davie Project, the Brightview Projects, and the Ford Project.

**WHEREFORE**, GreenBlue respectfully requests that this Court enter judgment against Defendant as follows: (1) award damages in an amount to be proven at trial; (2) order Defendant to publish a retraction to GreenBlue's customers to whom it has made the false and defamatory statements; (3) award GreenBlue their attorneys' fees and costs; and (4) award GreenBlue any other legal or equitable relief that may be just and proper.

**COUNT IV**
**PRELIMINARY AND PERMANENT INJUNCTION**

56. GreenBlue incorporates each paragraph in this Complaint as if fully restated in this Count.

57. As noted above, Defendant has intentionally made, published, and/or communicated false and misleading statements in an obvious attempt to defame GreenBlue's business and/or interfere with GreenBlue's customer relationships and business opportunities.

58. Upon information and belief, Defendant continues to intentionally make, publish, and/or communicate false statements regarding GreenBlue's ability to sell and distribute its RootSpace™ system in the U.S.

59. GreenBlue has demanded that Defendant cease and desist its campaign false and misleading statements to GreenBlue's U.S. customers, but Defendant has not responded.

60. GreenBlue reasonably believes that Defendant will continue to make false and misleading statements to GreenBlue's customers and otherwise defame and disparage GreenBlue as part of its misinformation campaign with U.S. based customers.

12

61.     GreenBlue is unable to quantify the damage DeepRoot has caused and will cause to their business, their customer relationships, and the good will GreenBlue has spent building with their customers.

**WHEREFORE**, pursuant to MCR 3.310, GreenBlue is entitled to immediate preliminary and permanent injunctive relief: (1) prohibiting Defendant from directly or indirectly communicating false and defamatory statements about GreenBlue to their customers; (2) awarding GreenBlue their attorneys' fees and costs; and (3) awarding GreenBlue any other legal or equitable relief that may be just and proper.

Respectfully submitted,

DICKINSON WRIGHT, PLLC

/s/ L. Pahl Zinn
L. Pahl Zinn (P57516)
Zachary L. Pelton (P85197)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313)223-3500
pzinn@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Plaintiffs*

Dated:  April 6, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GREENBLUE URBAN AMERICA, INC.,
a Tennessee corporation; and
GREENBLUE URBAN, LTD,
a United Kingdom private limited company; and
GREENBLUE URBAN NORTH AMERICA, INC.,
a Canadian corporation,

    Plaintiffs,

v.

DEEPROOT GREEN INFRASTRUCTURE, LLC,
a California limited liability company,

    Defendant.

Case No. _____-CB

Honorable

---

L. Pahl Zinn (P57516)
Zachary L. Pelton (P85197)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48236
(313)223-3500
pzinn@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Plaintiffs*

---

## JURY DEMAND

Plaintiffs GreenBlue Urban America, Inc. ("**GBA**"), GreenBlue Urban, LTD. ("**GBL**"), and GreenBlue Urban North America, Inc. ("**GBNA**") (collectively, "**GreenBlue**" or "**Plaintiffs**"), by their attorneys, Dickinson Wright PLLC, request a trial by jury on all such claims where trial by jury is appropriate.

1

4885-8392-1434 v1 [73914-4]

Respectfully submitted,

DICKINSON WRIGHT, PLLC


/s/ **L. Pahl Zinn**
L. Pahl Zinn (P57516)
Zachary L. Pelton (P85197)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313)223-3500
pzinn@dickinsonwright.com
zpelton@dickinsonwright.com

*Attorneys for Plaintiffs*

Dated: April 6, 2022

2