UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREENBLUE URBAN
AMERICA, INC., *et al*.,

      Plaintiffs,

v.

DEEPROOT GREEN
INFRASTRUCTURE, LLC,

      Defendant.

_____/

Case No.: 22-11076

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO
DISMISS (ECF No. 6) AND PLAINTIFFS' MOTION TO STRIKE (ECF No.
11)**

## I.    PROCEDURAL HISTORY

Plaintiffs GreenBlue Urban America, Inc. ("GBA"), GreenBlue Urban, LTD

("GBL"), and GreenBlue Urban North America, Inc. ("GBNA", and collectively

with GBA and GBL, "GreenBlue") filed this case in Wayne County Circuit Court

against Defendant DeepRoot Green Infrastructure, LLC.  (ECF No. 1, PageID.1-2).

Defendant removed this case to the Eastern District of Michigan.  (*Id*.).  Defendant

moved to dismiss for lack of personal jurisdiction, for failure to state a claim, or to

transfer venue.  (ECF No. 6).  Plaintiffs responded (ECF No. 8) and Defendant

replied (ECF No. 10).  Plaintiffs moved to strike (ECF No. 11) portions of

Defendant's reply (ECF No. 10).  Defendant responded (ECF No. 13) and

Plaintiffs replied (ECF No. 17).   Both motions were referred to the undersigned.

(ECF Nos. 7, 12).

The parties appeared before the undersigned for a motion hearing.  Counsel

for Plaintiffs and Defendant gave oral arguments on Defendant's motion to dismiss

(ECF No. 6) and Plaintiffs' motion to strike (ECF No. 11).  The motions were

taken under advisement.  This matter is fully briefed and now ready for Report and

Recommendation.

For the reasons discussed below, the undersigned **RECOMMENDS** that

Defendant's motion to dismiss (ECF No. 6) be **GRANTED** and that Plaintiffs'

complaint (ECF No. 1) be **DISMISSED** for lack of personal jurisdiction.  The

undersigned further **RECOMMENDS** Plaintiffs' motion to strike (ECF No. 11) be

**DENIED AS MOOT**.

## II.    BACKGROUND

GBL is an English company with its principal place of business in

Robertsbirdge, England.  (ECF No. 1-2, PageID.15, at ¶1).  GBA is a Tennessee

corporation with its principal place of business in Knoxville, Tennessee.  (*Id.* at ¶

2).  GBNA is a Canadian corporation with its principal place of business in

Woodstock, Ontario.  (*Id.* at ¶ 3).  Defendant is a California limited liability

company with its principal place of business in San Francisco, California.  (*Id.* at

¶4).  Plaintiffs alleged Wayne County, Michigan had personal jurisdiction over Defendant under M.C.L § 600.715 because Defendant did business in Michigan and had sufficient minimum contacts with the forum state.  (*Id.* at ¶ 6).

Plaintiffs are competitors with Defendant in urban landscaping contracting and consulting.  GBL created a soil support system called RootCell.  (*Id.* at PageID.16, at ¶ 9).  They then introduced RootSpace, an advancement of RootCell.  (*Id.* at PageID.17, at ¶ 12).  GBNA sells and distributes GreenBlue products in North America.  (*Id.* at PageID.18, at ¶ 15).  GBA sells and distributes GreenBlue products in the United States.  (*Id.* at ¶ 16).

A Canadian Federal Court found that GBNA's RootSpace infringed on two of Defendant and its Canadian parent company's Canadian patents.  (*Id.* at PageID.19, at ¶ 19).  GBNA contends it is following the Canadian judgment by not selling or distributing RootSpace in Canada.  (*Id.* at ¶ 20).  Plaintiffs allege Defendant is engaging in a "misinformation campaign" by informing customers in the United States that the Canadian Judgment prevents the sale of RootSpace there.  (*Id.* at ¶ 23).

On September 14, 2021, Plaintiffs allege a representative for Defendant contacted a landscape architect, IBI Group, about a project GreenBlue bid on related to the Ford World Headquarters in Dearborn, Michigan.  (*Id.* at PageID.21, at ¶ 30).  Plaintiffs allege Defendant told IBI that GreenBlue could not supply

RootSpace for the Ford Project based on the Canadian Judgment.  (*Id.*).  GBNA later sent Defendant a Cease-and-Desist Letter, demanding a formal written retraction of Defendant's "false and misleading statements."  (*Id.* at ¶ 33).  Defendant has yet to respond to the letter.  (*Id.* at ¶ 34).  Plaintiffs assert claims for tortious interference, declaratory judgment, business defamation, and preliminary and permanent injunction.  They seek damages for the loss or potential loss of two contracts allegedly valued at least $572,000, along with other projects.  (ECF No. 1, at PageID.2, ¶ 2).

Defendant moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  (ECF No. 6, PageID.67).  In the alternative, Defendant seeks an order transferring this action to the Northern District of California under 28 U.S.C. §1404(a), or to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*Id.*).  Plaintiffs moved to strike (ECF No. 11) portions of Defendant's reply to the motion (ECF No. 10) as inadmissible.

## III.   ANALYSIS AND RECOMMENDATIONS

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden to establish that the exercise of jurisdiction over the defendant is proper.  *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002).  Where, as here, there has been no evidentiary hearing on personal jurisdiction, a plaintiff "must make only a

prima facie showing that personal jurisdiction exists [,]" *id.* (citation omitted), but must articulate specific facts to show that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court must then consider all the facts presented in the pleadings and affidavits in a light most favorable to the plaintiff, without weighing contrary assertions offered by the defendant. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005).

There are two types of personal jurisdiction: general and specific. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General jurisdiction "is dependent on a defendant's generic connections to the State, such as whether the defendant resides there or regularly does business there." *Evans v. Brown*, 2019 WL 9047225, at *2 (6th Cir. Dec. 6, 2019). Defendant is a California company with its principal place of business in California. (ECF No. 1-2, PageID.15, at ¶ 4). Plaintiffs did not present arguments that this Court has general jurisdiction over Defendant. So the undersigned will only consider whether the Court has specific jurisdiction over Defendant.

The district court can exercise personal jurisdiction over a defendant if the forum state's long-arm statute reaches the controversy and the exercise of personal jurisdiction satisfies constitutional due process. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012). In Michigan, these analyses often merge,

5

because Michigan's long-arm statute "extend[s] to the outermost boundaries permitted by the due process clause." *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1216 (6th Cir. 1989).

Michigan's limited or specific jurisdiction long-arm statutes for individuals (M.C.L. § 600.705) and for corporate entities (M.C.L. § 600.715) describe some relationships, the existence of which constitutes a sufficient basis for jurisdiction. Plaintiffs limit their argument to the first two relationships, which are identical in the individual and corporate entity statutes:

> (1) The transaction of any business within the state.

> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

Due process requires the following for a court to exercise limited personal jurisdiction over a nonresident defendant: (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). To comply with due process, "out-of-state defendants" must "have 'minimum contacts' with the forum state sufficient to comport with 'traditional

6

notions of fair play and substantial justice.'"  *Blessing v. Chandrasekhar*, 988 F.3d 889, 905 (6th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

      B.  <u>Motion to Dismiss (ECF No. 6)</u>

      Defendant moves to dismiss for a few reasons.  First, they argue this Court lacks personal jurisdiction over them because DeepRoot is not based in Michigan and has no suit-related contacts with Michigan.  (ECF No. 6, PageID.77). Plaintiffs argue this Court has jurisdiction over Defendant because Defendant purposely availed itself of the privilege of acting in Michigan by making defamatory statements to companies with offices in Michigan about a Michigan project, giving rise to this suit.  (ECF No. 8, PageID.130-34).  Defendant raises the same arguments in reply.  (ECF No. 10).

      Plaintiffs argue Defendant purposely availed itself of the privilege of acting in Michigan because Defendant made defamatory statements to companies with offices in Michigan, relating to a project in Michigan, as Defendant sought to "knock-out" a competitor from competing for work in Michigan.  (ECF No. 8, PageID.130-32).  Second, Plaintiffs' causes of action "lie in the wake of" Defendant's contacts with companies with offices in Michigan and who are working on a project in Michigan.  (*Id.* at PageID.133).  Finally, they argue that the court can infer jurisdiction is reasonable because they have satisfied the first two

factors.  (*Id.* at PageID.134) (citing *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002)).

   1.  Purposefully Avail

Focus on Defendant's contacts with Michigan-based companies is misguided.  "'[M]inimum contacts' analysis looks to the *defendant's* contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added).  Defendant's interactions with a resident third party alone are insufficient for jurisdiction.  *Id.* at 286.  Thus, focus on the audience for the allegedly defamatory statements is not the appropriate inquiry.  Rather, how Defendant interacted with Michigan is the appropriate inquiry.

Matthew Werle, a GreenBlue senior consultant, attests that it is his "understanding" that Defendant emailed employees with Brightview and "contacted" IBI and Barton Malow.  (ECF No. 9, PageID.325, at ¶¶ 12-13).  He also claims that it is his "understanding" that Brightview and IBI have offices in Michigan (*Id.* at ¶ 11), while Barton Malow has headquarters in Michigan.  (*Id.* at PageID.324, at ¶ 6).  It is Mr. Werle's "understanding" that Defendant told the contractors Plaintiffs could not supply RootSpace for the Ford Project in Dearborn, Michigan because of the Canadian Judgment.  (*Id.* at PageID.325, at ¶¶ 11-13).  But he has not seen the Brightview email and has no access to it.  (*Id.* at ¶¶ 13-14).

During the hearing on the motion, Plaintiffs' counsel informed the undersigned that to his understanding, the Ford Project bid was still outstanding.

Plaintiffs' reliance on Defendant's email and unidentified "contact" with the contactors is particularly insufficient for jurisdiction, especially when it is not clear that the non-resident contractors were in Michigan during this alleged exchange. Personal jurisdiction cannot be based on Plaintiffs' "understanding" that these third parties have offices in Michigan alone.  (ECF No. 9, PageID.325, at ¶¶ 12-14). Brightview has headquarters in Bluebell, Pennsylvania, with their points of contact with Defendant based in Colorado and Illinois.  (ECF No. 6-2, PageID.107, at ¶¶ 11, 13).  IBI has headquarters in Toronto, Ontario with their points of contact based in Ontario.  (*Id*. at ¶¶ 14, 16).  And providing a cease and desist letter fares little better.  *Gerrit's Brand, Inc. v. Sun Valley Raisins, Inc*., 2022 WL 532940, at *3 (E.D. Mich. Feb. 22, 2022) ("[nineteen] cease and desist letters, standing alone, do not give rise to personal jurisdiction."); *see also Precision Extraction Corp. v. Udoxi Sci., LLC*, 2016 WL 7158884, at *3 (E.D. Mich. Dec. 8, 2016) (cease and desist letter alone not enough to create personal jurisdiction).

Plaintiffs failed to provide evidence of Defendant's contacts with Michigan beyond their alleged exchange with the contractors.  Though the Ford Project is based in Michigan, based on Plaintiffs' counsel's understanding the bid is still outstanding.  So, Plaintiffs did not prove that Defendant has business in Michigan,

9

or that they "knocked-out" Plaintiffs as a competitor for the Michigan-based bid. (ECF No. 8, PageID.130-32). In *Walden*, entering a contractual relationship with "'envisioned continuing and wide-reaching contacts'" in the forum state was enough for minimum contacts. *Walden*, 571 U.S. at 285 (quoting *Burger King Corp*, 471 U.S. at 480). Yet with no evidence of a contract on the Ford Project, Plaintiffs fail to prove the same envisioned wide-reaching contacts here. There must be some "other activities … related to the cause of action" about the Defendant and their interactions with the forum state giving rise to this litigation to support personal jurisdiction. *Precision Extraction Corp.*, 2016 WL 7158884, at *3. Without more from Plaintiffs on Defendant's contacts with Michigan, they fail to make a prima facie showing that Defendant purposefully availed itself of Michigan.

## 2. Defendant's Conduct Giving Rise to Suit

Plaintiffs allege Defendant is engaging in a "misinformation campaign" by telling customers in the United States that the Canadian Judgment prevents the sale of RootSpace there. (ECF No. 1-2, PageID.19, at ¶ 23). That said, this "campaign" made one alleged stop in Michigan. Other allegations include alleged defamatory conversations about a project in Florida, and "multiple landscaping projects Brightview has across the U.S." (*Id.* at PageID.20-21, at ¶¶ 25-28). And

10

as discussed above, the Michigan-related conduct is insufficient for personal

jurisdiction over Defendant.

### 3. Reasonableness

The final question is whether Defendant's communications about the Ford

Project create a substantial enough connection with Michigan that jurisdiction is

reasonable. *S. Mach. Co.*, 401 F.2d at 384.  Plaintiffs contend jurisdiction over

Defendant is reasonable since they satisfied the first two factors of a prima facie

showing of jurisdiction.  (ECF No. 8, PageID.133) (citing *Bird*, 289 F.3d at 875).

Even so, as the undersigned finds Plaintiffs fail to satisfy the first two factors, the

undersigned cannot infer they satisfied the third factor.  *Bird*, 289 F.3d at 875.

Thus, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (ECF

No. 6) be **GRANTED** and that Plaintiffs' complaint (ECF No. 1) be **DISMISSED**

for lack of personal jurisdiction.

### C. Motion to Strike (ECF No. 11)

Plaintiffs move to strike pursuant to Fed. R. Civ. P. 12(d), 12(f), and

56(c)(4) to strike inadmissible passages from the Supplemental Declaration of

Graham Ray.  (ECF No. 11, PageID.345).  Plaintiffs argue paragraphs 5, 7, and 8

of the declaration from Defendant's CEO may be based on third-party

communications and documents that Defendant "impermissibly" lumps as part of

its records without trying to authenticate it or offer proof that it is admissible under

Fed. R. Evid. 803(6)'s business records exception.  (*Id*. at PageID.346-47).

Defendant contends their reply was proper.  (ECF No. 13).  Plaintiffs reiterate their

arguments in reply.  (ECF No. 17).

     As detailed above, the undersigned recommends that Plaintiffs' complaint be

dismissed for lack of personal jurisdiction.  So the undersigned **RECOMMENDS**

that Plaintiffs' motion to strike (ECF No. 11) be **DENIED AS MOOT**.

## IV.   RECOMMENDATION

     For the reasons set forth above, the undersigned **RECOMMENDS** that

Defendant's motion to dismiss (ECF No. 6) be **GRANTED** and that Plaintiffs'

complaint (ECF No. 1) be **DISMISSED** for lack of personal jurisdiction.  The

undersigned further **RECOMMENDS** that Plaintiffs' motion to strike (ECF No.

11) be **DENIED AS MOOT**.

     The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 29, 2022          s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge